UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARMANDO ORTEGA,<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT FLAVETTA, et al.,<br><br>Defendants. | Case No. C 12-3426 KAW (PR)<br><br>ORDER DISMISSING AMENDED COMPLAINT |

Plaintiff Carlos Armando Ortega, a state prisoner incarcerated at Napa State Hospital ("NSH"), filed a civil rights action under 42 U.S.C. § 1983 complaining of his treatment by Sergeant Flavetta and Officers L. Prosadi, P. Terry, S. Graham, J. Colar and Galloway while he was incarcerated at the Santa Clara County Jail ("SCCJ"). On June 10, 2013, the Court issued an Order of Dismissal with Leave to Amend in which it placed Plaintiff's allegations into three sets of claims: (1) use of excessive force; (2) unsanitary living conditions; and (3) deliberate indifference to his serious medical needs. The Court dismissed all of Plaintiff's claims because they were conclusory or failed to specify which defendant caused the constitutional violation. The Court noted that "Plaintiff acknowledges that his bipolar disorder may be the cause of his thoughts that Defendants are violating his rights. Therefore, it is possible that some, if not all, of Plaintiff's allegations are the product of his bipolar disorder and not actual occurrences. . . . In the future, if Plaintiff submits an amended complaint, he is urged to distinguish Defendants' actual conduct from what he may imagine their conduct to be."

On June 26, 2013, Plaintiff filed a first amended complaint ("FAC") in which he names approximately forty Defendants. With his FAC, Plaintiff submits as exhibits doctors'

psychological evaluations of him. On January 21, 2014, Plaintiff filed a "Motion for Pro Per Privileges," in which he indicates that he fears that his legal papers will be thrown away by officers at SCCJ and requests an order allowing him to make long distance collect phone calls to the Court and to have two boxes to store his legal papers. Doc. no. 19. On February 11, 2014, Plaintiff filed a notice of change of address indicating that he is now incarcerated at NSH. Doc. no. 22. Therefore, Plaintiff's motion for injunctive relief, based on the actions of officers at SCCJ, is now moot and is denied as such. On April 8, 2014, Plaintiff filed a second "Motion for Pro Per Privileges," requesting access to "photo copies, legal envelopes or supplies," to "protect his legal work." Doc. no. 23. The Court now addresses Plaintiff's FAC.

## DISCUSSION

I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Under § 1915A,[1] the court is accorded the power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Id.* A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Id.* at 32–33 (defining "frivolous" in 28 U.S.C. § 1915(d), which has been renumbered as 28 U.C.S. § 1915A(b)(1)). Examples of factually frivolous claims include those

---

[1] *Denton* addressed 28 U.S.C. § 1915, which has been renumbered as 28 U.S.C. § 1915A.

2

describing fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). However, a complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely or improbable. *Denton*, 504 U.S. at 33.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.     Plaintiff's Claims

In his FAC, Plaintiff asserts the same excessive force and prison conditions claims that were in his original complaint. He indicates, however, that his medical treatment was appropriate and he is not reasserting his medical claim. Therefore, the claim for deliberate indifference to serious medical needs is dismissed.

Plaintiff attempts to remedy one of the deficiencies noted by the Court in its Order of Dismissal. That is, he names individual officers in relation to each claim. For instance, he asserts that eleven specific officers threatened to kill him in retaliation for his "gassing" officers and making internal affairs' complaints. *See* FAC at 4. However, even with Plaintiff's attempt to remedy this deficiency, his claims must be dismissed.

As mentioned above, in its Order of Dismissal, the Court noted that Plaintiff acknowledged that his bipolar disorder might be causing him to believe that Defendants are violating his rights. And, in the event that Plaintiff filed a FAC, the Court urged him to attempt to distinguish Defendants' actual conduct from what he may imagine their conduct to be. By attaching to his FAC psychological reports that diagnosed Plaintiff with Schizoaffective Disorder with prominent paranoid features, Plaintiff appears to be following the Court's suggestion to inform the Court that the claims he asserts are based on his delusions. *See* Ex. CC, Dec. 5, 2012 Psych. Eval. by Dr. Jeffrey Schreiber Kline. Dr. Kline undertook a psychological evaluation of Plaintiff at the request of the Santa Clara Superior Court to ascertain Plaintiff's legal sanity in connection with his assault on correctional officers in 2007, for which he was being charged with three felonies and a misdemeanor. *Id.* at 1. The following are excerpts from Dr. Kline's Summary, Analysis and

Conclusion:

> Mr. Ortega has a diagnostic history of Schizophrenia (Paranoid Type), Psychotic Disorder NOS,[2] Schizoaffective Disorder, Antisocial Personality Disorder, and multiple substance dependencies. His symptom complex fluctuates dramatically over time and has included mood swings, labile mood, hostility, auditory/visual/tactile hallucinations, and persecutory delusions. Typical persecutory themes have included being raped and tormented by the devil, demons placing feces in his mouth, his family being tortured, and CO's poisoning his food and threatening to kill him.
>
> . . .
>
> The records indicate that during the months leading up to the 9/7/07 offense the defendant was documented as having auditory hallucinations, delusions of the devil raping him, and demons placing feces in his mouth. He required multiple admissions to 8A for emergency treatment and the records note symptom increases when the defendant was briefly off his medications. . . .
>
> The Sheriff's report indicates that the defendant assaulted three CO's during the 9/4/07 offense. During the incident the defendant was observed to be extremely hostile and accused the CO's and another inmate of poisoning his food. He was apologetic on route to the safety cell but it was unclear what exactly he was apologizing for. . . . One of the CO's who was assaulted indicated that the defendant had been known to talk to himself and curse indiscriminately toward people. The Main Jail Medical records indicate that about three weeks after the offense he again required emergency treatment on 8A where he reported fearing that he could not control violent impulses toward CO's whom he continued to believe were poisoning his food and water.
>
> . . . He recalled that CO's were threatening to kill him, rape and kill his daughter, and beat up his brother. He remembered hitting one officer on the head with a mirror frame fearing that officers were coming into his cell to kill him for filing a complaint against them with the FBI and in retaliation for throwing his urine at them months before. . . . He said he refused to come out of his cell because "I knew they were going to kill me."
>
> In conclusion, . . . the totality of the evidence indicates that he has a bona fide, persistent psychotic mental disorder (Schizoaffective Disorder with prominent paranoid features) that fluctuates in severity. At the time of his offense he was experiencing persecutory delusions of being poisoned and killed by CO's severe enough to consume his consciousness and cause a defect in his reasoning. While he understood the basic nature of the events (e.g., he was in his cell, he possessed a piece of metal he used as a weapon against CO's), his mental defect of reasoning substantially impaired his ability to understand the quality (i.e., meaning, consequences, larger context) and wrongfulness of his violent behavior. He was terrified of being killed and acted self-protectively with violence to regain a sense of safety and security.

*Id.* at 9-10.

---

[2] "NOS" stand for "Not Otherwise Specified." http://psychcentral.com/disorders/psychotic-disorders-not-otherwise-specified-nos.

4

Because the claims asserted in Plaintiff's FAC are the same as Plaintiff's delusions described by Dr. Kline, it appears that his claims are the result of his delusions, rather than Defendants' actual conduct. For instance, Plaintiff alleges that Defendants: (1) made death threats against him and poisoned the water in his cell, FAC at 3; (2) threatened to beat him, cut his wrist, hang him or kill his daughter, FAC at 4; and (3) in May 2007, opened his cell door three times while he was sleeping and threatened to kill him, causing Plaintiff to attack the officers, FAC at 4-5. Plaintiff alleges that, from 2011 to 2013, he was verbally and physically threatened and assaulted by every officer around him. FAC at 7. Plaintiff lists twenty officers who threatened to hang or hog-tie him, cut him to pieces or let other inmates stab him and rape him and his daughter. *Id.*

Plaintiff admits that he suffers from a mental illness that causes him to have "racing thoughts of self and officers. Hearing voices all day and night. Plaintiff fears attacks which five beatings have occurred making Plaintiff scarred [sic] by making weapons to defend Plaintiff's self in fear to kidnap detainee, causing a serious injuries [sic] to Plaintiff's body and soul or faith in God. Which led to Plaintiff's assault on two officers and a gassing [sic] of another. Causing two life sentences under 3 strikes law. . . . Plaintiff is still suffering do [sic] to unseenable [sic] behavior of officers, irrational thoughts towards officers. Plaintiff only wish [sic] for his safety and family's . . . . Plaintiff is still denied mental health treatment and housing in mental health ward." *Id.* at 7-8.

Later in the FAC, Plaintiff claims the officers are harassing him in order to provoke his mental illness. *Id.* at 11.

Therefore, at times Plaintiff realizes that he has irrational thoughts toward officers. At other times, Plaintiff feels that the officers' behavior is causing his mental illness. Given Plaintiff's psychological diagnosis, the former rather than the latter appears to be the more reasonable interpretation of the alleged events. Because the Court concludes that Plaintiff's claims are the result of his delusions rather than Defendants' conduct, the Court dismisses them. *See* 28 U.S.C. §§ 1915A(a), (b)(1), (2) (court must dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted); *see also Bankson v. Ayres*, 2009 WL 679662, *2 (N. D. Cal. Mar. 16, 2009) ("plaintiff's claims of psychological and physical injury are

subject to dismissal under 18 U.S.C. § 1915A because the particular allegations made 'rise to the level of the irrational or the wholly incredible.'").

Furthermore, the Court notes that many of Plaintiff's claims include the assertion that he is not getting proper mental health treatment. However, since Plaintiff filed his FAC, he has been transferred to NSH, a state hospital that treats patients with mental illnesses. *See* www.dsh.ca.gov. The mission of NSH is "to provide hope to adults with a serious mental illness and support each patient to achieve personal recovery." *Id.* Plaintiff's transfer to NSH means that he should now be receiving appropriate mental health treatment.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Plaintiff's motions for Pro Per Privileges are denied. Doc. nos. 19 and 23.

2. The complaint is dismissed. Because this is Plaintiff's second opportunity to state his claims, dismissal is without leave to amend. *See Havas v. Thornton*, 609 F.2d 372, 375 (9th Cir. 1979) (leave to further amend complaint would be futile, since the acts complained of could not constitute a claim for relief). However, dismissal under § 1915A is without prejudice to filing a paid complaint.

3. This Order terminates docket numbers 19 and 23.

4. The Clerk shall enter a separate judgment and close this case.

**IT IS SO ORDERED.**

Dated: 5/7/14

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

6